IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO GONZALEZ-ALLER,

    Plaintiff.

v.                                                      No. 1:11-CV-00105-LH-ACT

NORTHERN NEW MEXICO COLLEGE and
ANTHONY SENA, in his individual capacity,

    Defendants.

MOTION FOR SUMMARY JUDGMENT
ON CONTRACT CLAIMS ( COUNTS IV, V and VI)
AND MEMORANDUM IN SUPPORT THEREOF

    Pursuant to Fed. R. Civ. Pro. 56 and D. N. M. LR-Civ. 7, Defendants Northern New Mexico College ("NNMC") and Anthony Sena move for summary judgment on Counts IV, V and VI of the First Amended Complaint for Damages from Violations of the Age Discrimination in Employment Act, Family and Medical Leave Act, Breach of an Express Contract of Employment, Breach of Implied Contract of Employment, Breach of Covenant of Good Faith and Fair Dealings, and Negligent Misrepresentation (the "Complaint"). Due to the nature of the Motion, concurrence of opposing counsel was not sought. As grounds for this Motion, Defendants provide the following Memorandum.

                                            **I.**       **INTRODUCTION**

    On August 1, 2010, Plaintiff filed the seven count Complaint against NNMC and Anthony Sena, in his individual capacity. Count IV of the Complaint, titled "Breach of Express Contract of Employment," and Count V, titled "Breach of Implied Contract of Employment," are directed only

against NNMC. It is unclear whether Count VI, titled "Breach of Implied Covenant of Good Faith and Fair Dealing," is directed toward just NNMC or against Provost Sena because sometimes the term "Defendant" is plural and sometimes singular in that Count. Regardless, Defendants are entitled to summary judgment on all three of these Counts as a matter of law.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 56 governs summary judgment motions. Summary judgment is not "a disfavored procedural shortcut but rather [it is] an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)(quoting Fed. R. Civ. Pro. 1). Summary judgment is appropriate if the evidence submitted by the parties shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c)). In evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party. *See* T-Mobile Cent., LLC v. Unified Gov't of Wyandotte County, 546 F.3d 1299, 1306 (10th Cir. 2008) (citing Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1112 (10th Cir. 2007)). But a mere scintilla of evidence supporting the non-moving party's theory does not create a genuine issue of material fact. Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175 (10th Cir. 1999).

## III.     STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     On June 28, 2009, Plaintiff and NNMC entered into an employment contract for the school year 2009-10. Complaint ¶ 10. [1]

---

[1] Defendants dispute that the June 28, 2009 contract was entered into between NNMC and Plaintiff. However, for purposes of this Motion only, Defendants assume *arguendo* that the June 28, 2009 contract was valid. Defendants do not intend to waive any defenses or arguments on this issue, if this Motion is not granted.

2. The June 28, 2009 employment contract was for an annual salary of $65,034.00 for the position of Dean of the College of Mathematics, Science and Engineering. Id. The June 28, 2009 employment contract is attached to this Motion as Exhibit 1.

3. The June 28, 2009 employment contract provided:

> This contract may be cancelled if a condition exists in which Northern New Mexico College suffers insufficient funding by lack of sufficient appropriation of funds by either the state or federal government.

4. In late July 2009, NNMC became aware there would be insufficient funding from the state to NNMC. Deposition of Anthony Sena, p. 24, l. 12 through p. 25, l. 25. Relevant portions of Provost Sena's deposition are attached to this Motion as Exhibit 2.

5. Plaintiff was informed of this fact sometime in June 2009. Deposition of Alejandro Gonzalez-Aller, p. 132, ll. 11-25. Relevant portions of Plaintiff's deposition are attached to this Motion as Exhibit 3.

6. As a result of the lack of funding for the position of Dean of the College of Mathematics, Science and Engineering, on September 11, 2009, the parties entered into a new employment contract for the school year 2009-10. The September 11, 2009 employment contract is attached to this Motion as Exhibit 4.

7. The September 11, 2009 employment contract was for an annual salary of $61,612.00 for the position of instructor in Math/ Science. Id.

8. Plaintiff worked as a Math Instructor and was paid an annual salary of $61,612.00 under the September 11, 2009 employment contract for school year 2009-10.

## VI.   POINTS AND AUTHORITIES

### A.   The September 11, 2009 Employment Contract Contains an Integration Clause.

Parties to a contract may substitute a prior agreement with a new one. *See* Restatement (Second) of Contracts § 279 (1981) ("Restatement"); Arthur Linton Corbin, Corbin on Contracts § 1293 (1962) ("Corbin"). In <u>K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft (BMW)</u>, 164 F. Supp. 2d 1260, 1263 n.2 (D.N.M. 2001), this Court stated:

> This doctrine, the substitution of contracts, has been characterized in New Mexico as the doctrine of merger. Both stand for the proposition that, in the case of subsequent inconsistent contracts, the later contract governs. *See* <u>Superior Concrete Pumping, Inc. v. David Montoya Const., Inc</u>., 108 N.M. 401, 404, 773 P.2d 346, 349 (N.M. 1989) ("The doctrine of merger is a contract principle that prior agreements on the same subject are presumed to be included in the final contract. Merger applies only to successive agreements that contain inconsistent terms. Under these conditions, an antecedent agreement is deemed to have merged into the more recent contract[.]" (citations omitted)).

<u>Id</u>.

Merger of a contracts is also referred to as integration of a contract. Black's Law Dictionary defines the term "Integration Clause" as:

> A contractual provision stating that the contract represents the parties' complete and final agreement and supersedes all informal understandings and oral agreements relating to the subject matter of the contract.

Black's Law Dictionary (8th ed. 2004). The doctrine of merger or integration is a contract principle that prior agreements on the same subject matter are presumed to be included in the final contract. *See* <u>Continental Life Ins. Co. v. Smith</u>, 41 N.M. 82, 64 P.2d 377 (1937). Merger applies only to successive agreements that encompass the same subject matter and contain inconsistent terms. Under these conditions, an antecedent agreement is deemed to have merged into the more recent

contract.  Superior Concrete Pumping, Inc. v. David Montoya Const., Inc., 108 N.M. at 404, 773 P.2d at 349.

The issue of whether a new contract is intended to govern over a prior agreement is answered by the same analysis that applies to the enforceability of any contract. Corbin, supra at 188. Here, the September 11, 2009 employment contract contains a provision that triggers substitution:

> This agreement cancels all other existing agreements for the period and services covered and acceptance of this contract is indicated by the signature of the bearer.

Exhibit 4.

In this case,  the subject matter of both the contracts between Plaintiff and NNMC was the 2009-10 school year.  The June 28, 2009 employment contract and the September 11, 2009 employment contract are inconsistent in two terms, salary and position.  Given the subject matter and the inconsistent terms, the doctrine of merger or substitution applies in this case.  The June 28, 2009 employment contract and the September 11, 2009 employment contract merged and the  June 28, 2009 employment contract is superceded by the September 11, 2009 employment contract.   Count IV must be dismissed as a matter of law and no other cause of action, like Count V or Count VI, can be brought on the superceded contract.

**B**.    **The June 28, 2009 Employment Contract Was Extinguished When it Was Novated.**

Alternatively, the  June 28, 2009 employment contract was novated by the September 11, 2009 employment contract.  Novation occurs where the following four elements are present:1) an existing and valid contract; 2) an agreement to the new contract by all the parties; 3) a new valid contract; and 4) an extinguishment of the old contract by the new one.  Magnolia Mountain Ltd. Partnership v. Ski Rio Partners, Ltd., 2006-NMCA-027,  ¶ 36, 139 N.M. 288, 131 P.3d 675, citing

Maulsby v. Magnuson, 107 N.M. 223, 226, 755 P.2d 67, 70 (1988). All four of these elements have been met in this case and the June 28, 2009 employment contract for school year 2009-10 was extinguished by the September 11, 2009 employment contract for school year 2009-10. Count IV asserts claims for breach of the extinguished June 28, 2009 employment contract and, thus, fails as a matter of law.

    **C.**    **No Implied Contract or Implied Covenant Flows out of the June 28, 2009 Employment Contract.**

New Mexico courts recognize that "every contract imposes upon the parties a duty of good faith and fair dealing in its performance and enforcement." Watson Truck & Supply Co. v. Males, 111 N.M. 57, 60, 801 P.2d 639, 642 (1990) (citing Restatement (Second) of Contracts § 205 (1981)). On the face of the Complaint, Counts V and VI. flow from the June 28, 2009 employment contract. The June 28, 2009 employment contract cannot be used as a basis for any of the contract claims made in the Complaint because it was superceded or novated by the September 11, 2009 employment contract. All claims that flow from the superceded contract also fail as a matter of law. NNMC is entitled to summary judgment on Counts V and VI of the Complaint.

    **V.**    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant the Motion for Summary Judgment on the Contract Claims made in the Complaint, enter an order dismissing Counts IV, V and VI of the Complaint against them with prejudice, award them their attorney fees and costs, and order all other relief this Court deems just and proper.

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

By */s/ Patricia G. Williams*
      Patricia G. Williams
Attorneys for Defendants
1803 Rio Grande Blvd., N.W. (87104)
P.O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400

We hereby certify that a copy
of the foregoing Memorandum
was electronically served to counsel of
record through the CM/ECF system
on this 30th day of January, 2012.

WIGGINS, WILLIAMS & WIGGINS, P.C.

By */s/ Patricia G. Williams*
      Patricia G. Williams

G:\PW\CLIENTS\2573-NM Risk Management\002-Gonzalez-Aller v NNMC\Pleadings\MSJ on Contract Claims.wpd